UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Bernhard Fortmann,<br>by his Conservator James M. Rubino,<br>    *Plaintiff*,<br><br>        *v.*<br><br>Michael P. Starkowski,<br>    *Defendant*. | Civil No. 3:10cv1562 (JBA)<br><br><br><br><br>September 28, 2011 |

RULING ON MOTIONS

Plaintiff Bernhard Fortmann, by his conservator James M. Rubino, moves for a preliminary injunction [Doc. # 10] and for a hearing [Doc. # 16] ordering Defendant Michael Starkowski, Commissioner of the Connecticut Department of Social Services, to provide Plaintiff with Medicaid benefits for the payment of his nursing home charges with such coverage effective as of July 1, 2010. On January 13, 2011, Magistrate Judge Margolis recommended granting Plaintiff's motion for a preliminary injunction in part, to the extent that it would preserve the status quo for Plaintiff, and denying Plaintiff's motion for a hearing. (Rec. Rul. [Doc. # 31].) Both parties filed timely objections.

The Court reviews a Magistrate Judge's decision *de novo*, and any part or the entirety of the Recommended Ruling may be adopted, rejected or modified. Fed. R. Civ. P. 72(b); Loc. R. 72.2(b). For the reasons stated below, Defendant's objections will be overruled, Plaintiff's objections will be taken into account, and Magistrate Judge Margolis's Recommended Ruling will be modified with further proceedings to follow.

I.      Defendant's Objections to Recommended Ruling

Defendant makes several objections to the recommended ruling, arguing that the complaint fails to state a federal cause of action, that the Court lacks subject matter jurisdiction in light of the Eleventh Amendment, that the Recommended Ruling improperly relied on Conn. Gen. Stat. § 46b-215 in finding that Plaintiff had validly assigned his spousal support rights, and that, as a result, Plaintiff cannot show a likelihood of success on the merits, as is required for a preliminary injunction. (Def.'s Obj. [Doc. # 34].)

   A.      Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's complaint, because Plaintiff's claims under § 1983 fail to state a federal claim to relief. (Def.'s Obj. at 3–4.) Defendant is correct that "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well–pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Const. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Here, Plaintiff brought suit against the Commissioner of the Connecticut Department of Social Services alleging a violation of 42 U.S.C. § 1396r-5(c)(3), the portion of the federal Medicaid statute pertaining to treatment of income and resources for eligibility for certain institutionalized spouses, claiming that state law is preempted by federal Medicaid law. A claim against the Commissioner on this basis is one that arises under the Medicaid Act, therefore satisfying the federal–question requirements of 28 U.S.C. § 1331. *See, e.g.*, *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 (1983) ("A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre–empted by a federal statute which, by virtue of the

Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve."); *Banks v. Sec'y of Indiana Family and Social Svcs. Admin.*, 997 F.2d 231, 237 (7th Cir. 1993) ("arising under" jurisdiction is satisfied in a claim against the state Secretary arising under the Medicaid Act). Consequently, Defendant's objection based on lack of subject matter jurisdiction is overruled.

      B.      The Eleventh Amendment Grant of State Sovereign Immunity

Defendant argues that because he is the Commissioner of the DSS, the state is the real and substantial party in interest, since the judgment that Plaintiff seeks would compel the DSS to grant him Medicaid benefits and thus entail expenditures from the public treasury, and therefore such a suit against the state is barred under the Eleventh Amendment. (Def.'s Obj. at 4.) It is "beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw*, 463 U.S. at 96 (1983); *see also Ex Parte Young*, 209 U.S. 123 (1908). Defendant attempts to remove himself from the state–official exception to state sovereign immunity in *Young* by relying on *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984), which held that the *Young* doctrine does not apply to the conduct of state officials under state law. However, Plaintiff's suit does not allege that Mr. Starkowski is violating Connecticut law; rather, Plaintiff alleges that Mr. Starkowski's policy of ignoring the assignment of support rights under Conn. Gen. Stat. § 46b-215 violates federal law.

Defendant also argues that the relief Plaintiff seeks—an injunction preventing Defendant and his successors from denying Medicaid to Plaintiff on account of his wife's resources, and an order for relief that would be effective as of three calendar months prior

to the month in which the court enters an order granting relief to the Plaintiff pursuant to 42 U.S.C. § 1396a(a)(34)—would involve retroactive relief violative of *Edelman v. Jordan*, 415 U.S. 651 (1974). However, *Edelman* is inapplicable to the relief sought here, as the award of retroactive payments that would be authorized under 42 U.S.C. § 1396a is not a damages award for past liability. *See, e.g., Morenz v. Wilson-Coker*, 415 F.3d 230, 237 (2d Cir. 2005) (holding that back payments authorized under 42 U.S.C. § 1396a(a)(34) are only ancillary to prospective relief and "[do] not run afoul of the Eleventh Amendment"); *Bernard v. Kan. Health Policy Auth.*, No. 09–1247–JTM, 2011 U.S. Dist. LEXIS 19698 (D. Kan. Feb. 28, 2011) ("The retroactive payments authorized by 42 U.S.C. § 1396a(a)(34) is not a damages award for past liability. If ordered, it would be an incident of complying with the court's prospective order. The back payments authorized by the statute, therefore, would be necessary to comply with the court's prospective order"). Thus, Defendant's objection on grounds of the Eleventh Amendment and state sovereign immunity is overruled.

C.      Preliminary Injunction Standard[1]

Defendant maintains that Plaintiff cannot show a likelihood of success on the merits, and thus that a preliminary injunction should not be issued, arguing that Plaintiff has no "assignable right," and thus the Defendant's policy with respect to Plaintiff's Medicaid

---

[1] A preliminary injunction is an "extraordinary and drastic remedy," and "it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674 (2008) (internal citations omitted). In a case in which the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court "should not apply the less rigorous fair–ground–for–litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal citations omitted).

eligibility cannot violate of 42 U.S.C. § 1396r-5(c)(3).[2] (Def.'s Obj. at 6.) Defendant contends that under § 1396r-5(c)(3), even though a community spouse's resources cannot be included in making an institutionalized spouse's eligibility determination if the institutionalized spouse has assigned support rights to the state, Plaintiff has not made a valid assignment under Connecticut law. "Whether a particular assignment of support rights is valid for purposes of § 1396r-5(c)(3)(A) is a question of state law." *Morenz*, 415 F.3d at 235. Defendant argues that Conn. Gen. Stat. § 17b-285[3] is the only statutory means by which

---

[2] "Treatment of income and resources for certain institutionalized spouses," 42 U.S.C. § 1396r-5(c)(3) provides:

(3) Assignment of support rights
The institutionalized spouse shall not be ineligible by reason of resources determined under paragraph (2) to be available for the cost of care where—
(A) the institutionalized spouse has assigned to the State any rights to support from the community spouse;
(B) the institutionalized spouse lacks the ability to execute an assignment due to physical or mental impairment but the State has the right to bring a support proceeding against a community spouse without such assignment; or
(C) the State determines that denial of eligibility would work an undue hardship.

[3] Conn. Gen. Stat. § 17b-285 provides:

Notwithstanding any provision of the general statutes, an institutionalized person or person in need of institutional care who applies for Medicaid *may assign* to the Commissioner of Social Services the right of support derived from the assets of the community spouse of such person *but only if* (1) the assets of the institutionalized person or person in need of institutional care do not exceed the Medicaid program asset limit; and (2) the institutionalized person or person in need of institutional care cannot locate the community spouse; or the community spouse is unable to provide information regarding his or her own assets. If such assignment is made or if the institutionalized person or person in need of institutional care lacks the ability to execute such an assignment due to physical or mental impairment, the commissioner may

Plaintiff could have validly assigned his spousal support rights to the state, but under its terms Plaintiff's wife is neither unable to be located nor unable to provide information regarding her assets, thus Plaintiff could not have validly assigned the right of support to Defendant under § 17b-285.

Plaintiff does not argue that the provisions of § 17b-285 are inapplicable to him; rather, Plaintiff argues that he has validly assigned his right of support to the state under Conn. Gen. Stat. § 46b-215(a),[4] which provides, in relevant part,

> The Superior Court or a family support magistrate may make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to such person's spouse or a child under the age of eighteen or as otherwise provided in this subsection, according to such person's ability to furnish such support.

If § 46b-215 is applicable, Plaintiff's support rights could be enforced by the State against his wife under this provision, as his spouse would be "a person who neglects or refuses to furnish necessary support" under the terms of the statute. In *Morenz*, the Second Circuit interpreted an earlier, less restrictive version of Conn. Gen. Stat. § 17b-285 and concluded that Connecticut law "nowhere forbids or invalidates such an assignment in other

---

> seek recovery of any medical assistance paid on behalf of the institutionalized person or person in need of institutional care up to the amount of the community spouse's assets that are in excess of the community spouse protected amount as of the initial month of Medicaid eligibility.

(emphasis added).

[4] The Plaintiff also argues that he has assigned his right under the common law Doctrine of Necessaries, a common law duty of support that can be asserted by wives against their husbands. However, because the Court finds that Plaintiff can demonstrate a likelihood of success on the merits, addressing the status of the doctrine of necessaries in Connecticut law is unnecessary at this point.

circumstances." 415 F.3d at 236. However, the amended § 17b-285 is far more restrictive, allowing assignments of spousal support by institutionalized persons applying for Medicaid only in the limited circumstances enumerated in the statute.

The Court agrees with Defendant that comparing § 17b-285, which specifically addresses the subject of an institutionalized spouse assignment, with § 46b-215 requires the conclusion that § 17b-285 is applicable to the issue of institutionalized spousal support assignments, as it is the more specific of the two statutes, and § 46b-215 is silent on the issue of assignment and on the issue of institutionalized spouses. Given that "statutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause, or phrase in a legislative enactment," *84 Century Ltd. P'ship v. Board of Tax Review of the Town of Rocky Hill*, 207 Conn. 250, 263 (1980), the Court will not assume that the legislature intended to authorize two dueling rights under these provisions. Under Connecticut law, therefore, the Plaintiff's assignment of spousal support rights is controlled by § 17b-285. To the extent that the Recommended Ruling concludes otherwise, it is modified.

D.   Conflict Preemption

The inquiry does not end with the conclusion that the validity of Plaintiff's assignment is determined by Conn. Gen. Stat. § 17b-285 because Plaintiff contends that this legislative response to *Morenz*, in the form of a much narrower assignment statute, conflicts with federal Medicaid law and is thus preempted by statute. Pursuant to 42 U.S.C. § 1396k, a State plan for Medicaid shall provide that, as a condition of eligibility for medical assistance, an individual applicant is required

> [T]o assign the State any rights, of the individual or of any other person who is eligible for medical assistance under this subchapter and on whose behalf the individual has the legal authority to execute an assignment of such rights, to support (specified as support for the purpose of medical care by a court or administrative order) and to payment for medical care from any third party.

42 U.S.C. § 1396k(a)(1)(A). Under this section, a Medicaid applicant is also required "to cooperate with the State in identifying, and providing information to assist the State in pursuing, any third party who may be liable to pay for care and services." 42 U.S.C. § 1396k(a)(1)(c). The Sixth Circuit has considered this section and found that "in order to be eligible for medical assistance, a Medicaid applicant is required to assist the state by assigning any support and medical payment rights to the state." *Douglas v. Babcock*, 990 F.2d 875, 878 (6th Cir. 1993) ("Section 1396k of the Medicaid Act provides several mechanisms by which federal and state governments can recoup some of the costs of medical care provided to low–income persons by pursuing third parties legally obligated to pay these medical costs.") In addition, 42 U.S.C. § 1396a(a)(1)(45) requires that "a State plan for medical assistance must . . . provide for mandatory assignment of rights of payment for medical support and other medical care owed to recipients, in accordance with section 1396k of this title." Plaintiff maintains that neither he nor the Defendant can simultaneously comply with these federal statutory requirements and § 17b-285.

The doctrine of federal preemption is rooted in the Supremacy Clause of the United States Constitution, which provides that "the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Federal preemption of a state statute—express or implied—generally occurs: "(1)

where Congress has expressly preempted state law, (2) where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or (3) where federal law conflicts with state law." *Pacific Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 351 (2d Cir. 2008) (internal citations omitted). Conflict preemption arises where it would not be possible to comply with both the federal and state laws at the same time, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (citing *United States v. Locke*, 529 U.S. 89, 109 (2000)).

The federal Medicaid statute and regulations require assignments in all cases, and do not provide any exceptions for limiting assignments to only the narrow situations provided for in § 17b-285. It is not possible therefore for Defendant, or Plaintiff as a Medicaid applicant, to adhere to the limitations in § 17b-285 and also obey the federal mandate for assignments where medical assistance is sought.[5] Therefore, it appears to the Court that Plaintiff has shown a likelihood of success on the merits on the grounds of conflict preemption.

---

[5] Defendant does not address how to square the apparent mandates provided by Sections 1396k and 1396(a)(1)(45) with the amended version of § 17b-215 in his memorandum in opposition to Plaintiff's motion for a preliminary injunction [Doc. # 18] or in his objection [Doc. # 34] to the Recommended Ruling; rather, Defendant merely argues that as Plaintiff cannot make a valid assignment under § 46b-215, Plaintiff "has no support right enforceable under . . . §§ 1396k and 1396a(a)(45)" (Def.'s Obj. at 15), and that "absent a Congressional enactment directly prohibiting the limitations of assignments, federal law does not preempt state provisions limiting assignability." (Def.'s Mem. Opp'n at 35.) However, read together, sections 1396k and 1396(a)(1)(45) seem to do just that: prohibit the limitations of assignability in applications for Medicaid.

E.     New Authority

Finally, Defendant calls the Court's attention to a recent decision of the Connecticut Supreme Court, *Wilton Meadows, Ltd. v. Coratolo*, 299 Conn. 819 (2011). There, the Supreme Court affirmed summary judgment in favor of a widow sued by a nursing home for the balance owed for the care and services rendered to her deceased husband. The Connecticut Supreme Court concluded that "the trial court properly determined that Conn. Gen. Stat. § 46b-37(b)(4) does not include services or general expenses associated with nursing home care, including food and medicine consumed by nursing home residents." *Id.* at 831. Defendant cites this case in support of the argument that nursing home expenses fall outside of the scope of § 46b-37, and thus "a person's right to spousal support does not ordinarily entitle him to the payments of his long–term care expenses by his spouse." (Notice of Addt'l. Auth. [Doc. # 37] at 1–2.) This is an overly broad reading of the holding in *Wilton Meadows*, which was decided on the narrow basis of statutory interpretation and construction: i.e., that the statutory provision at issue had enumerated specific types of services and expenses, but did not mention nursing home expenses, from which the Connecticut Supreme Court concluded that excluding nursing home expenses from spousal liability under § 46b-37(b) creates a "harmonious and consistent body of law, and one that makes sense within the overall legislative scheme." *Id.* at 829, 831. Given this narrow holding, and the fact that the statutory provision that was at issue in *Wilton Meadows* is not at issue here, the Court does not find *Wilton Meadows* applicable to disposition of this motion.

10

II.     Plaintiff's Objections to Recommended Ruling

Plaintiff objects to the Recommended Ruling's grant of preliminary injunctive relief to preserve the status quo "until a decision is rendered on the underlying substantive issues." (Rec. Rul. at 14.) Plaintiff argues that a temporary injunction that does not include the specific relief that Plaintiff seeks, that is, "an order directing that the Defendant cause the Plaintiff's Medicaid eligibility to be determined without regard to his wife's resources," is only an "illusory remedy." (Pl.'s Obj. [Doc. # 32] at 1.) If the Court interprets "preserving the status quo" as meaning that Defendant is enjoined from continuing to deny Plaintiff's Medicaid application on account of his wife's resources, it is not an entirely illusory remedy. Although it is not exactly the affirmative relief that Plaintiff seeks, it is appropriate where Plaintiff meets the standards for a preliminary injunction. Plaintiff faces imminent and irreparable harm, as he requires continued nursing home care, and has shown a likelihood of success on the merits on the basis of conflict preemption. To finally determine if Plaintiff is entitled to a permanent mandatory injunction requiring Defendant to determine Plaintiff's eligibility for Medicaid without regard to his wife's resources, this case will be immediately advanced to the summary judgment stage.

III.   Conclusion

For the reasons discussed above, Magistrate Judge Margolis's ruling [Doc. # 31] is modified and Plaintiff's motion for a preliminary injunction [Doc. # 10] is GRANTED and Plaintiff's motion for a hearing [Doc. # 16] is DENIED. Defendant may not deny Plaintiff's Medicaid eligibility on account of the resources of Plaintiff's wife. The schedule for the parties' cross–motions on summary judgment will be set at a telephone scheduling conference to be held on October 17, 2011 at 5PM.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of September, 2011.